UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES PENN | CIVIL ACTION NO. 25-0275 |
| VERSUS | |
| | JUDGE ALEXANDER C. VAN HOOK |
| STATE FARM FIRE AND CASUALTY COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by the Defendant, State Farm Fire and Casualty Company ("State Farm"), R. Doc. 21. The Plaintiff, Charles Penn, simultaneously filed an opposition to summary judgment and a motion to amend the complaint. R. Doc. 28; R. Doc. 30. The Magistrate Judge has denied the motion to amend, so all that remains is State Farm's summary judgment motion. *See* R. Doc. 35. For the reasons below, the Court **GRANTS** summary judgment and the Plaintiff's claims raised in the complaint are dismissed with prejudice.

### Background

This case is about a forty-year-old, damaged roof. On February 24, 2023, Chris Futrell, a salesman for Phoenix Roofing Solutions ("Phoenix Roofing"), had been canvassing a neighborhood in Keithville, Louisiana when he knocked on Charles Penn's door. Pls.' Depo 27, R. Doc. 21-3. Futrell inspected Penn's roof and told him that he found hail damage. Pls.' Depo 27. Two days later, on February 26, 2023, Penn contacted his insurer, State Farm, and filed a claim for the replacement cost of his roof. R. Doc. 23-2, at 3. Within one week, State Farm had inspected Penn's roof and

contacted him about his claim. *Id.* at 25. A State Farm representative told Penn that it had not identified any hail damage, only "roof blisters." *Id.*

On March 10, 2023, Futrell and the owner of Phoenix Roofing, Dylan Garland, reinspected Penn's roof, took photographs, and prepared an estimate. Garland's Dep. 62, R. Doc. 21-5. Three days later, Penn filed a complaint with the Louisiana Department of Insurance claiming that State Farm had acted in bad faith when it denied his claim for hail damage. R. Doc. 32-1, at 2. After the complaint, on April 17, 2023, State Farm inspected the roof, and once again, found no hail damage. R. Doc. 23-2, at 2.

After State Farm denied his claim, Penn hired a professional engineer, Steven Wohlscheid, to inspect his roof. On June 21, 2023, Wohlscheid issued an expert report that found a "hail event" on April 2, 2023 caused damage to Penn's Roof. R. Doc. No. 21-6, at 13, 18, 31. During his deposition, Wohlscheid admitted that he "wasn't aware" Penn had already filed a claim for a hail event on a different, earlier date (February 26, 2023) than the one he identified. Wohlscheid's Dep. 57, R. Doc. 57. Wohlscheid also admitted that the damage he observed "most aligned" with a hail event on April 2, 2023 based on metrological and weather data. *Id.*

Notably, Penn never filed a new claim with State Farm, even though his own expert opinion concluded that a later hail event caused the damage to his roof. R. Doc. 28-1, at 3 ("Mr. Penn did not file another claim."). Not filing another claim is particularly curious because State Farm informed counsel for plaintiff that he had to

2

file a new claim before it would reinspect the roof for new hail damage. R. Doc. 23-2, at 20.

Penn also hired a general contractor, Earl Preston, to assess the cost of damages on his roof. R. Doc. 21-8, at 10-11. Preston estimated that the roof would cost $94,829 to repair. *Id.* at 13. However, in his deposition, Preston admitted: "I documented the damage that I saw. I can't speculate on what caused it, how it got there, or any of those things." Preston's Dep. 30, R. Doc. 21-8.

On January 31, 2025, Penn filed a petition for damages in state court against State Farm alleging breach of contract and breach of the duty of good faith. R. Doc. 1-1. In his petition, Penn alleged that "[o]n or around *February 26, 2023*, a wind and hail event caused significant damages…" to his home's roof. *Id.* at 2 (emphasis added). The petition did not reference the hail event on April 2, 2023 as a date of loss.

After State Farm removed the petition from state court, the parties, including Penn, filed a case management report pursuant to Federal Rule of Civil Procedure 26(f). *See* R. Doc. 13. In this report, Penn stated that he did not anticipate seeking leave to amend the petition. *Id.* at 2. Furthermore, when asked to propose a deadline for motions to amend, the parties wrote "N/A." *Id.*

During discovery, State Farm deposed Penn about his roof's condition and the date of loss (February 26, 2023) pled in his petition. Penn admitted that his roof had been forty years old when he made the insurance claim. Pls.' Dep. 28. And other than one minor repair to the chimney flashing, he had never repaired the roof. *Id.* at 30. Although Penn claimed he had never gotten another roofing estimate, Pls.' Dep. 33,

3

State Farm uncovered a repair quote for Penn's roof that had been dated one year before his insurance claim. R. Doc. 21-4.

Before discovery closed, State Farm hired a professional engineer, Cornelia Sides, to inspect Penn's roof. Although Sides found damage from wear, she did not observe hail damage. R. Doc. 21-9, at 12. Furthermore, Sides reviewed weather and meteorological data and determined that a hail event did not occur on or around February 26, 2023. *Id.*

State Farm has filed a motion for summary judgment. R. Doc. 21. State Farm argued that Penn has insufficient evidence that his roof suffered hail damage before February 26, 2023, the date of loss in the petition. R. Doc. 21-1, at 6. Notably, State Farm argued that Penn's own expert said the hail damage did not occur until six weeks later, April 2, 2023. *Id.* at 7.

Perhaps recognizing his mistake, Penn responded by filing a motion to amend his complaint and an opposition to the motion for summary judgment on the same day. R. Doc. 28; R. Doc. 30. In his motion to amend, Penn asked to change his date of loss to April 2, 2023 calling it "new information." R. Doc. 28-1, at 5. Penn's opposition to the summary judgment motion largely relies on evidence related to the April 2, 2023 hail event. R. Doc. 30, at 9-13.

On January 30, 2026, the Magistrate Judge denied Penn's motion to amend, rejecting Penn's attempt at adding the April 2, 2023 hail event as a date of loss and cause of action. R. Doc. 35. As the Magistrate Judge noted, Penn lacked good cause for the delay in filing his motion to amend. *Id.* at 7.

**Standard**

Federal Rule of Civil Procedure 56(a) requires a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When the burden at trial will rest on the nonmovant, the movant need not produce evidence to negate the elements of the nonmovant's case; rather, it need only point out the absence of supporting evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant satisfies its initial burden, the nonmovant must demonstrate a genuine dispute exists by "going beyond the pleadings" and "designating specific facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). This burden requires more than metaphysical doubt, conclusory or unsubstantiated allegations, or a mere scintilla of evidence. *Id.*

**Analysis**

In his petition, Penn alleged that State Farm violated their insurance policy when it denied his claim for damages from a hail event on February 26, 2023. R. Doc. 1-1, at 3. Furthermore, Penn alleged that State Farm acted in bad faith when it failed to pay his claim. *Id.* The Court addresses each claim in turn.

I. **Breach of Contract Claim**

In Louisiana, an insurance policy is a contract between the parties. *Riverwood Int'l Corp. v. Emps. Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). A shifting burden of proof determines whether a contractual breach has occurred. First, the insured must prove that the claim asserted is covered by his policy. *Dickerson v.*

*Lexington Ins. Co.*, 556 F.3d 290, 295 (5th Cir. 2009). Then, the insurer has the burden of proving that the damage at issue is excluded from coverage. *Id.*

Here, Penn alleged in his petition that State Farm breached its obligation to pay him for damages arising from a hail event on or around February 26, 2023. R. Doc. 1-1, at 2. In its motion for summary judgment, State Farm argued that Penn has no evidence supporting his claim that hail damage occurred around February 26, 2023. R. Doc. 21-1, at 6.

In response, Penn argues that the testimony of Dylan Garland, the owner of Phoenix Roofing, helps establish that his home suffered hail damage around February 26, 2023. R. Doc. 30, at 9. The Court disagrees. Although Garland says he observed hail damage, Garland admits that he has no idea when it might have occurred. Garland did not know whether the hail event had occurred within a month, a year, two years, or four years of Penn's claim. Garland's Dep. 64. Furthermore, Penn admits that Garland cannot testify about what caused the damage he observed, otherwise it would be improper opinion testimony. R. Doc. 30, at 9. As such, Garland's testimony about the existence of a hail event is nothing more than speculation. *Jones v. United States*, 936 F.3d 318, 322 (5th Cir. 2019) ("Speculation cannot defeat summary judgment on a required element of the claim."). [1]

Other than Garland's testimony, the only evidence about a February 26, 2023 hail event came from State Farm's expert, Cornelia Sides, who relied upon

---

[1] Penn also argued that the expert report of Earl Preston, a general contractor, supports the existence of roof damage. However, like Dylan Garland, Earl Preston cannot opine on the causation of damage. Preston's Dep. 28.

6

meteorological and weather data and opined that no such event occurred. R. Doc. 21-9, at 12. Indeed, Penn's own expert, Wohlscheid, also examined meteorological and weather data and determined that a hail event six weeks *after* Penn's insurance claim caused his roof damage. Wohlscheid's Dep. 57, R. Doc. 57.

Nonetheless, Penn argues that Wohlscheid's testimony defeats summary judgment, despite the discrepancy between the expert's findings and the dates of loss alleged in the petition. R. Doc. 30, at 10. Penn characterizes the conflicting dates as a "temporal quibble" because the correct date of loss occurred during the policy period. *Id.* However, Penn cites no authority in support of his position, and the Court finds it unavailing.

Asking the Court to deny summary judgment based on evidence of an entirely different date of loss amounts to a backdoor amendment of the petition. The Magistrate Judge already denied Penn's motion to amend, refusing to change the date of loss from February 26, 2023 to April 2, 2023. R. Doc. 35. Penn did not appeal that denial, and therefore, the cause of action and evidence related to the April 2, 2023 hail event are not properly before the court. *See Cutrera v. Bd. Of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."). Accordingly, Penn may not use new allegations in his opposition to summary judgment to effectively amend his complaint.

The Court finds that Penn has not created a genuine issue of material fact that a hail event on February 26, 2023 damaged his roof. Garland's testimony can

establish only that he observed damage on Penn's roof, but as a lay witness, he cannot opine on what caused the damage or when the damage occurred. *Baton Rouge Bldg. and Const. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986) ("[W]e must review the evidence and any inferences to be drawn therefrom in the light most favorable to the non-moving party."). Furthermore, the testimony of two expert witnesses undermines the existence of a hail event around February 26, 2023. First, State Farm's expert opined definitively that no hail event occurred on that February 26, 2023. R. Doc. 21-9, at 12. Second, Penn's own expert opined that the damage he observed on Penn's roof "most aligned" with a hail event that occurred six weeks later. Wohlscheid's Dep. 57, R. Doc. 57. Without evidence that a hail event on February 26, 2023 damaged his roof, Penn's breach of contract claim fails, and summary judgment is appropriate.

## II. Bad Faith Claim

Louisiana imposes a duty of good faith and fair dealing on insurers. La. R. S. § 22:1892 ("An Insurer…owes its insured a duty of good faith and fair dealing."). To establish a bad faith claim, the petitioner "must show that (1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *Guillory v. Lee,* 16 So. 3d 1104, 1126 (La. 2009). An insurer does not act arbitrarily or capriciously when a genuine dispute over coverage or amount of loss exists. *Kodrin v. State Farm Fire & Cas. Co.,* 314 F. App'x 671, 679 (5th Cir. 2009). For example, an insurer is not liable when the insured does not have

8

a valid, underlying breach of contract claim. *See Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 526 (5th Cir. 2015). Here, as ruled above, Penn does not have a valid breach of contract claim so State Farm did not act arbitrarily or capriciously when it denied payment for an alleged hail event on February 26, 2023. Therefore, Penn's bad faith claim also fails and summary judgment is required.

## Conclusion

For the above reasons, the Court GRANTS the motion for summary judgment. Accordingly, all claims raised by the Plaintiff against the Defendant in this action are hereby dismissed with prejudice.

**DONE AND SIGNED** at Shreveport, Louisiana, this 19th day of February, 2026.

**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**